IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOUSTON INDEPENDENT SCHOOL DISTRICT | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL CASE NO: 1:19-CV-00684-LY |
| THE TEXAS EDUCATION AGENCY; MIKE MORATH, COMMISSIONER OF EDUCATION, in his official capacity; and DORIS DELANEY, in her official capacity | § | |
| Defendants | § | |
| | § | |

_____

**HOUSTON ISD'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO SET A HEARING ON ITS APPLICATION FOR PRELIMINARY INJUNCTION**
_____

TO THE HONORABLE LEE YEAKEL, JUDGE PRESIDING:

Houston Independent School District ("Houston ISD") respectfully submits this reply in support of its opposed motion to set a hearing date [Doc. No. 21] for consideration of Houston ISD's Application for Preliminary Injunction [Doc. No. 19]. In support of this reply, Houston ISD respectfully shows the Court as follows:

In their response, Defendants tell the Court that Houston ISD's claims are not ripe because the Commissioner has not even decided to install a board of managers. However, Defendants don't tell the Court that once the Commissioner makes his decision, Defendants will then argue this Court has no jurisdiction to review the Commissioner's decision, even if he has acted *ultra vires*. *See Morath v. Progreso Indep. Sch. Dist.*, No. 03-16-00254-CV, 2017 WL 6273192, 2017 Tex. App. LEXIS 11329, *9–10 (Tex. App.—Austin 2017, pet. denied) (holding that the court had no jurisdiction to review the

Commissioner's "already-final administrative act" appointing a board of managers). Unless the Court considers whether or not the Commissioner has the statutory authority to issue the sanctions Defendant TEA has recommended in its final report, Defendants will argue these acts — even if *ultra vires* — are unreviewable. *See id.*

Defendants next assert there is no emergency because Houston ISD has known about the purported harms since before they filed this lawsuit in June. But Defendants own recent actions have created the emergency.

Defendant Morath created urgency by sending a letter that notifies Houston ISD he intends to either close a campus or appoint a board of managers based on the ratings of one Houston ISD high school.[1]  Either action would be *ultra vires*. But once the Commissioner makes his decision, he will undoubtedly take the position that this Court has no jurisdiction to review his decision — even if his actions are unlawful. *See id.*

Defendant TEA has created an emergency by issuing a final report earlier this week. On October 30, 2019 (the day after Houston ISD filed its Application for Preliminary Injunction), TEA issued its final report, which was sent to state legislators and the media in addition to the school district. Now that the final report has issued, the Commissioner is poised to determine what sanctions he would like to enact against Houston ISD. Defendants claim there are "administrative steps" the Commissioner must comply with before taking action. But if that is true, why have Defendants refused to agree that the Commissioner will not take action until this Court decides the Application for Preliminary Injunction? Furthermore, Plaintiff's claims arise from the Commissioner's failure to

---

[1]   This letter is attached to Houston ISD's Application for Preliminary Injunction as Exhibit 6.

comply with required administrative steps before taking corrective action against the District.

Defendants complain that Houston ISD has not sought leave to amend its complaint to include the claims contained in the preliminary injunction. But all of the claims in Houston ISD's Application for Preliminary Injunction are contained in its amended complaint except for the single claim regarding the Commissioner's September letter. And that claim is not an affirmative basis for relief, it is Houston ISD's defensive response to an assertion made by Defendants. The September letter is not a surprise to Defendants — they sent it. Defendants' complain that Houston ISD has not filed an amended complaint to include the September letter but Houston ISD sent a copy of the amended complaint to Defendants' counsel earlier this week. Defendants' counsel has indicated that Defendants are unopposed to a motion for leave to amend the complaint, which will be filed by the end of the day.

## CONCLUSION AND PRAYER

Defendants have had months to review the factual and legal allegations asserted in Houston ISD's Application for Preliminary Injunction. (Indeed, their responsive pleading deadline is next week, on November 8, 2019.) Houston ISD appreciates that Defendants are not generally opposed to a hearing on Houston ISD's Application for a Preliminary Injunction and would prefer to set the hearing at some future mutually-agreeable time. But Defendants will not agree to refrain from taking any further actions against Houston ISD until this Court rules on the Application for Preliminary Injunction. Absent such an agreement from Defendants, the hearing cannot be delayed simply because it would be more convenient for Defendants.

Accordingly, Houston ISD respectfully requests the Court set their Application for Preliminary Injunction for hearing at the first available date.

Respectfully submitted,

By: /s/ David Campbell
David J. Campbell
*dcampbell@808west.com*
State Bar No. 24057033
Kevin O'Hanlon
*kohanlon@808west.com*
State Bar No. 15235500
Benjamin Castillo
*bcastillo@808west.com*
State Bar No. 24077194

**O'HANLON, DEMERATH & CASTILLO**
808 West Avenue  |  Austin, Texas 78701
Tel: (512) 494-9949  |  Fax: (512) 494-9919

**Counsel for Plaintiff Houston ISD**

## CERTIFICATE OF SERVICE

I certify that on November 1, 2019, the foregoing document was filed via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ David Campbell
David Campbell