UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOUSTON INDEPENDENT SCHOOL DISTRICT<br>*Plaintiffs,*<br><br>and<br><br>HOUSTON FEDERATION OF TEACHERS, JACKIE ANDERSON, MAXIE HOLLINGSWORTH, AND DANIEL SANTOS,<br><br>*Proposed Plaintiff-Intervenors*,<br><br>v.<br><br>THE TEXAS EDUCATION AGENCY; MIKE MORATH, COMMISSIONER OF EDUCATION, in his official capacity; and DORIS DELANEY, in her official capacity,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>1:19-CV-00684-LY<br><br>Complaint for Declaratory Judgment and Injunctive Relief |

**PLAINTIFF – INTERVENORS' REPLY TO DEFENDANTS' RESPONSE TO MOTION TO INTERVENE**

TO THE HONORABLE COURT:

    Permitting proposed Plaintiff-Intervenors to intervene as a matter of right or by permission of the Court provides the most fair and efficient resolution of the voting rights claims sought by both the Houston Independent School District (HISD) and the movants. Intervening will focus the litigation on the true merits of the election and voting rights claims without delaying the litigation or prejudicing any of the parties, because it allows this Court to focus on the facts of the effect and intent of the election change rather than ancillary dilatory issues. The State contends that entry by the movants into the case will delay the adjudication of the

preliminary injunction. To be clear, movants have no desire to cause any delay in this Court's adjudication of plaintiff's application for preliminary injunction. The movants will not seek a delay in the hearing nor seek equal argument time. In order to defeat the motion to intervene, the State attempts to place the movants into a "no-win" situation. In the State's view, if HISD has standing, then the movant's are adequately represented by the interests of the plaintiffs. However, if HISD does not have standing to seek the Voting Rights Act claims, then the movants can just proceed with their own lawsuit. The injuries faced by the board members HISD and HISD, as a governmental entity, are different and distinguishable in comparison to the injuries of the movants. The remedy to these injuries might be similar, but the injuries faced by voters and the organizations that support voting activity are of a different character, evidentiary provenance, and jurisprudential impact. The motion to intervene should be granted.

### A. Granting Intervention Will Not Delay Adjudication of Temporary Injunction

Movants are aware of the pending preliminary injunction hearing on December 5, 2019 and the time constraints that the Court has imposed. Permitting movants to intervene and to participate in the hearing will not delay or bog down the hearing. Movants will be ready for the hearing on the 5th and prepared to submit their preliminary injunction evidence and arguments to the Court. **They only request an additional fifteen (15) minutes to the time that the Court has already set aside. However, if the Court declines this request for additional time, movants will coordinate their presentation with HISD and HISD has represented that it is prepared to share some of its time with movants, as necessary.** Further, since movants are also seeking preliminary relief, allowing them to participate at this time is more efficient and will avoid the Court having to conduct two injunction hearings.

Allowing movants to participate in the upcoming injunction hearing will not prejudice TEA. As TEA notes in its response, movants make a Voting Rights Act claim, which HISD has also already asserted, so TEA is already addressing the voting rights issues. Movants' constitutional claims are closely related to the same type of discriminatory conduct on the part of the State that is at issue with the voting claims. TEA has not identified what unique evidence it would have to submit at the preliminary injunction hearing that it is not already addressing vis-à-vis HISD's claim. Movants have no objection to TEA's request for additional time to file a responsive pleading to plaintiff-intervenors' Original Complaint.

### B. Movants are not Adequately Represented by Existing Parties.

The State has vehemently contested that HISD's standing to assert the voting rights claims. In the words of the State, "HISD is a local governmental entity. It does not vote. It is not an organization with members, nor is its purpose to HISD is a local governmental entity. It does not vote. It is not an organization with members, nor is its purpose to advance certain individuals' voting rights."  Dkt. 34, Defendants' Motion to Dismiss, p. 26-27.

The standing of HISD for voting rights relief is immaterial to the claims of the proposed plaintiff-intervenors and the merits of their motion to intervene.[1] The movants are individual voters and an organization of voters who face disfranchisement from the actions of State. The State itself argues that only "voters whose rights have allegedly been denied or impaired" have "first-party standing to brings claims under the [VRA]." Dkt. 35, p. 26. The movants clearly have standing to bring these claims and, according to the State's own arguments, these interests are not adequately represented by any existing party in this case.

---

[1] To be clear, HISD is injured by the actions of the State. Its elected board is on the verge of being supplanted by unelected leadership selected by the Commissioner of Education. HISD's board members' right to hold office free from impermissible interference is protected by federal and state law, and the U.S. and Texas Constitutions.

However, if the Court finds that HISD has standing to bring VRA claims, plaintiff still does not adequately represent the interests of minority voters who are being disenfranchised. The injury suffered by both litigants is of a different nature. HISD's injuries are based in the violation of its sovereignty and the removal of its board. However, the movants have been disfranchised, because their votes have been or will be nullified[2]. These injuries are of a different character and may involve differing remedies. For instance, plaintiffs might agree to a remedy that allows the State to re-appoint some portion of the current Board of Trustee membership as temporary members of the board of managers. In that instance, plaintiff may be satisfied, but the movants would still be injured and disfranchised. It is clear that the interests of the movants cannot be adequately represented by the plaintiff.

C. **Conclusion**

Wherefore, the movants pray that the Court enter an order granting the motion to intervene and permitting them to intervene as plaintiffs in this case and participate in the upcoming injunction hearing.

**DATED**: November 29, 2019

Respectfully,

By: /s/ *Martin Golando*

GARZA GOLANDO MORAN, PLLC
Texas Bar No.  24059153
Jose Garza
Texas Bar No. 07731950
405 N. St. Mary's, Suite 700 San Antonio,

---

[2] This is especially true of the voters who live in districts that are currently in run-off elections. Very soon these voters will be forced to cast a vote that will become void. The candidates in these elections and their voters have not engaged in the behavior that allegedly led to TEA seeking to install a board of managers. Yet, their votes and their voices will be silenced.

Texas 78205 (210) 892-8543

Martha P. Owen
State Bar No. 15369800
DEATS, DURST & OWEN, P.L.L.C.
707 W. 34th Street, Suite 3
Austin, Texas  78705
(512) 474-6200 – Telephone
(512) 474-7896 – Telecopier
Email:  mowen@ddollaw.com

Attorneys for Plaintiff- Intervenors

**CERTIFICATE OF SERVICE**

I certify that, on November 29, 2019, Plaintiff-Intervenors filed the foregoing Reply to Defendants' Response to Plaintiff-Intervenor's Motion to Intervene with the Court's ECF/CM system, which will serve a copy on all counsel of record.

*/s/ Martin Golando*

Martin Golando

5