IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOUSTON INDEPENDENT SCHOOL DISTRICT | § § § § § § § § § § § § | |
| Plaintiff | | |
| v. | | Civil Case No. 1:19-CV-00684-LY |
| THE TEXAS EDUCATION AGENCY; MIKE MORATH, COMMISSIONER OF EDUCATION, in his official capacity; and DORIS DELANEY, in her official capacity | | |
| Defendants | | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS APPLICATION FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGE LEE YEAKEL

Houston ISD files this Reply in Support of its Application for Preliminary Injunction and would show the Court the following:

## I.  Houston ISD is likely to prevail on its claims.

In addition to targeted *ultra vires* claims regarding the Commissioner's unlawful attempt to install a board of managers in Houston ISD and unlawful appointment of a district-level conservator to prevent Houston ISD from completing its superintendent search, Houston ISD has sought an injunction asking the Court to prevent the Commissioner from taking any action based on a Special Accreditation Investigation that was conducted in an unlawful manner, is based on

1

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

errors of law,[1] and would result in violations of federal statutory and constitutional law. Defendants primarily address the *ultra vires* claims, but in doing so, Defendants fail to offer a plausible argument that Defendants' conduct is not unlawful.

**A. The Commissioner acted *ultra vires* by unlawfully installing a district-level conservator in violation of Section 39A.001, and his attempt to install a board of managers is *ultra vires* because no statute authorizes him to take such drastic action.**

   **1. This Court has jurisdiction to consider whether the Commissioner's attempt to install a board of managers is unlawful and *ultra vires*.**

Defendants initially contend the Commissioner's decision to install a board of managers cannot be reviewed by this Court even if the Commissioner's decision is *ultra vires* and unlawful because Texas Education Code § 39A.116 states "[a] decision under this subchapter is final and may not be appealed." [Doc. No. 41, pp. 14–15]  There are three problems with Defendants' contention.

First, the "finality provision" in Section 39A.116 only applies to a decision under "this subchapter," which is Subchapter C of Chapter 39A.  Subchapter C only includes Texas Education Code §§ 39A.101–.116.  Only one of the statutes the Commissioner relies on to support his decision — Section 39A.111 — is in Subchapter C and is affected by this "finality provision."

Second, the "finality provision" can only apply to the Commissioner's final decision.  But the Commissioner has not yet made a final decision.  Indeed, Defendants have relied on the fact that the Commissioner has not yet made a final decision to support their arguments that Plaintiff's claims are not ripe.

---

[1]   These errors of law are thoroughly described in Houston ISD's Responses to TEA's Preliminary Investigation Report.  These Responses are attached as Appendices 1–7 of TEA's Final Report.  *See* Exhibit 8.

2

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

Third, a "finality provision" like Subchapter C does not make the Commissioner's *ultra vires* conduct regarding Section 39A.111 "unreviewable." Commissioner asserts that the plurality opinion in *Morath v. Sterling City Independent School District*, 499 S.W.3d 407, 413–14 (Tex. 2016) (plurality opinion), makes his decision unreviewable, but the plurality actually held that a finality provision gives the Commissioner broad discretion, not unreviewable discretion. *Sterling City*, 499 S.W.3d at 413–14 (reasoning that the effect of finality provision is to "broaden the executive's discretion" but reasoning that a "clear violation of a governing statute might be subject to judicial review" notwithstanding a "statute making the decision final"). The Texas Supreme Court has never held that a "finality provision" makes a state official's *ultra vires* act unreviewable.[2]

### 2. The Commissioner's conduct was *ultra vires*.

Defendants find the *ultra vires* claims asserted in this lawsuit to be "perplexingly chosen" because the Commissioner has broad discretion to initiate and conduct special accreditation investigations. But a quick glance at Section 39.057 and Chapter 39A of the Texas Education Code shows that this broad discretion is not unlimited.

### a. The Legislature has not given the Commissioner the authority to install a board of managers based on Wheatley High School's performance ratings.

Defendants initially contend the Commissioner is authorized to install a board of managers over the school district under Texas Education Code §39A.906(b), which only applies "[i]f a

---

[2]  Defendants also rely on *Houston Municipal Employees Pension System v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007), but *Ferrell* did not involve judicial review of *ultra vires* claims. *See generally id.*

3

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

campus described by Subsection (a) receives an unacceptable performance rating for the 2016-2017 and 2017-2018 school years." As Defendants concede that Wheatley High School did not receive an unacceptable performance rating for the 2017-2018 school year, it is unclear why Defendants believe Section 39A.906 applies to Wheatley.[3]

Defendants further contend the Commissioner is authorized to install a board of managers over the school district under Texas Education Code §39A.111, which allows the Commissioner to take action if a campus has "an unacceptable performance rating for three consecutive school years after the campus is ordered to submit a campus turnaround plan under Section 39A.101." But there are two obvious reasons Section 39A.111 does not allow the Commissioner to take action in this case.

First, Defendants concede there was never an order to "submit a campus turnaround plan under Section 39A.101." Under the plain language of the statute, Section 39A.111 does not authorize the Commissioner to take action unless there are three consecutive school years of unacceptable performance ratings *after* the campus is ordered to submit a campus turnaround plan. In footnote 63, Defendants seem to argue that Section 39A.111 could be triggered based on a campus turnaround plan under some other statute. But Section 39A.111 specifically requires a campus turnaround plan "under Section 39A.101."

---

[3] A second problem regarding Defendants' interpretation of Section 39A.906(b) is that it authorizes the sanctions authorized by Section 39A.111 "to the campus." The last three words of the provision authorize the Commissioner to take actions against "the campus," not the school district.

4

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

The second problem with Defendants' reliance on Section 39A.111 is that even if a campus performance plan had been ordered on September 1, 2017, when Section 39A.101 first became effective, Section 39A.111 cannot apply to Wheatley until 2021. The first potential "consecutive year" for Wheatley High School (or any campus in Texas) would be the 2017–2018 school year. But Wheatley High School did not receive a performance rating for the 2017–2018 school year due to Hurricane Harvey. The next possible year for which Wheatley could have received a campus rating is the 2018–19 school year. The rating for that school year was unacceptable. This is the first unacceptable performance rating Wheatley has received since Sections 39A.101 and 39A.111 were enacted. Accordingly, the required "three consecutive years" required by Section 39A.111 have not occurred: both because the Commissioner has not ordered a campus turnaround plan under Section 39A.101, and because at most, Wheatley has one unacceptable performance rating under Section 39A.111.

As neither Section 39A.906(b) nor Section 39A.111 apply to Wheatley High School, the Commissioner is neither required nor authorized to install a board of managers over the district. Defendants assert that a Court order stating that the Commissioner has no authority to take action under these statutes "would essentially be an order to close Wheatley High School." But that makes no sense. A Court order enjoining the Commissioner from taking action under Section 39A.906(b) and Section 39A.111 would clearly prevent the Commissioner from taking any action, including campus closure.

5

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

> **b. The Commissioner acted unlawfully when he purported to convert Doris Delaney from a campus-level conservator[4] to a district-level conservator.[5]**

In their Response, Defendants fail to respond to the primary reason that Section 39A.006 does not apply, i.e., that the Commissioner had no authority to transform Dr. Delaney from a campus-level conservator to a district-level conservator in March 2019.[6]

Instead of responding to Houston ISD's argument, Defendants initially claim that the Commissioner is authorized to appoint a district-level conservator under Section 39A.001. That is generally true. But the Commissioner had no authority to appoint a district-level conservator in Houston ISD because it is undisputed that Section 39A.001's prerequisites to such an appointment are not present in this case. Defendants simply fail to respond to Houston ISD's argument, [Doc.

---

[4] The duties and authority of campus-level conservators are described in Subchapter C of Chapter 39A of the Texas Education Code. TEX. EDUC. CODE §§ 39A.101–.116.

[5] The duties and authority of district-level conservators are described in Subchapter A of Chapter 39A of the Texas Education Code. TEX. EDUC. CODE §§ 39A.001–.007.

[6] Instead of responding to Houston ISD's arguments regarding the *ultra vires* appointment of Dr. Delaney as a district-level conservator, Defendants assume that Dr. Delaney has been a district-level conservator since September 2, 2016[6] and address the problems with the Commissioner's failure to conduct the statutorily-required 90-day reviews. They contend that even if the Commissioner did not perform the statutorily-mandated reviews, removal of the conservator would not be self-executing. Defendants are mistaken because the plain language of the statute requires removal unless (1) "[a]t least every 90 days," (2) the Commissioner reviews "the need for the conservator," and (3) "determines that he continued appointment is necessary for effective governance of the school district or delivery of instructional services." TEX. EDUC. CODE § 39A.003 (b). But this misses the more fundamental problem Houston ISD regarding the unlawful appointment of Dr. Delaney as a district-level conservator, which Houston ISD raises on pages 14–19 of its Application for Preliminary Injunction.

6

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

No. 19, pp. 17–19], that the Commissioner acted *ultra vires* because he had no authority to appoint Delaney as a district-level conservator in March 2019 under Section 39A.001.

Defendants then assert that Houston ISD "merely argues that conservators lack authority to direct general administrative functions at the district level, such as halting a superintendent search." But this misconstrues Houston ISD's argument. The true gist of Houston ISD's argument is that a campus-conservator (like Dr. Delaney) has limited authority to oversee the conservator's campus. [Doc. No. 19, pp. 15–17] A properly-appointed, district-level conservator would have district-level authority, but the Commissioner's attempt to give Dr. Delaney this district-level authority was *ultra vires* because none of the prerequisites in Section 39A.001 are present. *See* [Doc. No. 19, p. 17] Dr. Delaney was never properly appointed as a district-level conservator, and Defendants offer no argument to the contrary.

Finally, Defendants misstate that Houston ISD does not challenge the Commissioner's authority to install a board of managers under 39A.006. Section 39A.006 does not apply unless a school district has been managed by a conservator for two consecutive school years. Because of the Commissioner's *ultra vires* appointment of Dr. Delaney, Houston ISD has been unlawfully managed by a conservator since March 25, 2019. (Of course, the only action taken by the conservator at this time is to frustrate the Board's search for a superintendent.) As Houston ISD has explained in its Application for Preliminary Injunction, the fundamental problem is that the Commissioner had no authority to transform Dr. Delaney from a campus-level conservator to a district-level conservator in March 2019. [Doc. 19, pp. 14–19]

7

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

    ***c. The Commissioner is authorized to initiate a SAI and take "appropriate action" based on the findings.  But he cannot install a board of managers unless Section 39A.004's prerequisites are present.***

Defendants say it is "disingenuous" for Houston ISD to claim that the Commissioner cannot install a board of managers under Section 39A.004 because the Commissioner has the authority to lower the District's accreditation status.  But Section 39A.004 does not permit the Commissioner to install a board of managers unless Houston ISD has "a *current* accreditation status of accredited-warned or accredited-probation."  TEX. EDUC. CODE §39A.004 (emphasis added).  The fact that the Commissioner may lower the District's accreditation in the future does not change the undisputed fact that the District's *current* accreditation status is not accredited-warned or accredited-probation.

**B. Houston ISD's First Amendment claims, due process claims, and declaratory judgment claims are viable.**

Defendants contend that if they successfully avoid the above-discussed *ultra vires* claims, the Court would have no authority to consider the First Amendment claims, due process claims, and declaratory judgment claims because they would not redress Houston ISD's injuries, cannot be asserted by Houston ISD, and are not ripe.  Defendants fail to address the merits of these claims.  As explained in Houston ISD's Application for Preliminary Injunction and Second Amended Complaint, these claims are viable and Houston ISD is likely to prevail on these claims.

8

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

### C. Houston ISD has standing to assert claims under the Voting Rights Act, Equal Protection Clause, and Title VI.

Defendants assert that Houston ISD has no standing to assert its Voting Rights Act claim, but Houston ISD is an organization governed by members of the Board of Trustees who are elected by their constituents. Like other school districts, Houston ISD's Board of Trustees is expressly required to protect the voting rights of its constituents by conducting elections. TEX. EDUC. CODE § 11.1511(a)(12). Houston ISD's board members govern the school district on behalf of their constituents and have the authority, and obligation, to bring suit on behalf of its voters based on the threatened violation of the Voting Rights Act in this case.

Defendants rely on *Veasy v. Perry*, 29 F.Supp.3d 896, 908–09 (S.D. Tex. 2014), in support of their argument that Houston ISD has no standing to assert a Voting Rights Act claim, but *Veasy* explains why Houston ISD has organizational and representational standing to assert a Voting Rights Act claim on behalf of all its voters. *See id.* at 902–05, 908–09; *see also Conway School District v. Wilhoit*, 854 F. Supp. 1430 (E.D. Ark. 1994) (noting that a school district may sue to protect the rights of its aggrieved voters).

Houston ISD is suing on behalf of all of its voters, who are being disenfranchised because they reside in a majority-minority school district and has alleged that "in the absence of TEA removing the board members elected by Houston ISD's voters, Houston ISD's voters—who are predominately persons of color—are able to elect their preferred candidate." [Doc. No. 29, p. 43, ¶224]. Because Houston ISD is suing on behalf of all of its voters, who have all been targeted because Houston ISD's voters are predominantly persons of color, Houston ISD has third-party standing to assert its Voting Rights Act claim and other claims.

9

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

**D. Houston ISD is likely to prevail on the merits of its Voting Rights Act, Equal Protection, and Title VI claims.**

Defendants also contend that HISD does not meet the *Thornburg v. Gingles*, 478 U.S. 30 (1986) factors for a Voting Rights Act claim. [Doc. No. 35, p. 28] But Houston ISD has pleaded the *Gingles* factors. *See* [Doc. No. 29, p. 43, ¶¶ 221–25, HISD's Second Amended Complaint]. But there is no real dispute that the District is "populated by a majority of persons of color," that "persons of color constitute a politically cohesive majority of the voters who elect Houston ISD's board members," and that removal of the board members elected by predominantly persons of color do not allow for their preferred candidate. *Id*.

## II. Granting the preliminary injunction serves the public interest.

Defendants initially complain about Houston ISD's "delay" in filing this application because Dr. Delaney was appointed as a conservator over Kashmere High School in September 2016. But Houston ISD is not challenging Dr. Delaney's appointment as a campus-level conservator over Kashmere. Houston ISD is challenging the Commissioner's unlawful appointment in March 2019. Absent injunctive relief, the Board of Trustees remains unable to finish its search for a permanent superintendent.

Defendants also imply that because of some isolated criticism regarding a single incident, the Board of Trustees is not able to effectively govern Houston ISD. But Houston ISD is performing better than most school districts in Texas, despite the significant challenges it faces.[7]

---

[7] *See* Exhibit 9, Resolution in Support of Houston Independent School District Board of Trustees, available at https://files.constantcontact.com/3af5f380701/2d3b027c-9664-4017-a4a9-eceb7a45d992.pdf

10

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

Finally, Defendants claim they will be harmed if the injunction issues because they have a "fundamental interest in enforcement of its law." This argument might have more weight if not for the numerous unlawful and *ultra vires* acts Defendants have committed.

## CONCLUSION

Accordingly, Houston ISD respectfully requests the Court grant its Application for a Preliminary Injunction.

Respectfully submitted,

By: */s/ David Campbell*

David J. Campbell
*dcampbell@808west.com*
State Bar No. 24057033
Kevin O'Hanlon
*kohanlon@808west.com*
State Bar No. 15235500
Benjamin Castillo
*bcastillo@808west.com*
State Bar No. 24077194
Audra G. Welter
*awelter@808west.com*
State Bar No. 24055564

**O'HANLON, DEMERATH & CASTILLO**

808 West Avenue | Austin, Texas 78701
Tel: (512) 494-9949 | Fax: (512) 494-9919

*Counsel for Plaintiff Houston ISD*

11

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss

## CERTIFICATE OF SERVICE

I certify that on December 4, 2019, the foregoing document was filed via the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ David Campbell
David Campbell

12

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Plaintiff's Response to Defendants' Motion to Dismiss