IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOUSTON INDEPENDENT SCHOOL DISTRICT | § § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL CASE NO: 1:19-CV-00684-LY |
| THE TEXAS EDUCATION AGENCY; MIKE MORATH, COMMISSIONER OF EDUCATION, IN HIS OFFICIAL CAPACITY; AND DORIS DELANEY, IN HER OFFICIAL CAPACITY | § § § § § | |
| Defendants | § | |

---

**HOUSTON INDEPENDENT SCHOOL DISTRICT'S APPLICATION FOR PRELIMINARY INJUNCTION: STIPULATED FACTS**

---

TO THE HONORABLE LEE YEAKEL, JUDGE PRESIDING:

Plaintiff Houston Independent School District ("Houston ISD" or "the District") and Defendants Mike Morath, Commissioner of Education, in his official capacity ("the Commissioner" or "Morath"); the Texas Education Agency ("TEA"); and Doris Delaney ("Delaney") agree to the following stipulations regarding this case:

1.      At all relevant times, Houston ISD has been assigned accreditation ratings of "Accredited;" acceptable district-level academic ratings under Tex. Educ. Code §§ 39.053 and 39.054; and acceptable financial accountability ratings.

2.      In 2019, TEA assigned Houston ISD an overall academic accountability rating of B, with a scaled score of 88.

1

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

3.      Houston ISD's current accreditation status is *Accredited*.

4.      On the basis of Special Accreditation Investigation # INV2019-10-034, the Commissioner intends to lower Houston ISD's 2018-2019 accreditation status to *Accredited-Warned*. **Defs. Appx.002**.

5.      On November 6, 2019, the Commissioner notified Houston ISD that he intends to appoint a board of managers to Houston ISD to exercise the powers and duties of the district's board of trustees, in accordance with Tex. Educ. Code §39A.201 *et seq*., and appoint a superintendent "based on the results of the Special Accreditation Investigation, the lowered accreditation status, the unacceptable performance of [Wheatley High School], and the length of the conservator appointment." **Defs. Appx.002**.

6.      The Commissioner intends to appoint a board of managers on the basis of the academic accountability ratings of Wheatley High School. **Defs. Appx.004-6**.

7.      The Commissioner intends to appoint a board of managers based on the appointment of Dr. Doris Delaney as a conservator during four consecutive school years, including the current year, starting on September 2, 2016. **Defs. Appx.006-7**.

8.      The Commissioner has informed the Court that the formal review of the relevant enforcement actions will occur on or after December 20, 2019.

9.      On September 2, 2016, the Commissioner notified Houston ISD that he was appointing Dr. Dolores Delaney as a conservator to "ensure and oversee district-level support for Kashmere High School [ ] and implementation of the targeted improvement plan," and defined her role as conservator as follows:

"In providing district-level support and implementing the targeted improvement plan, Dr. Delaney's role as conservator will include, but is not limited to, the following:

- Ensuring that a comprehensive needs assessment of the campus is performed;
- Ensuring that an evaluation of the efficacy of the district's resource allocation to the campus for school years 2015-2016 and 2016-2017 is performed; and
- Overseeing instructional delivery at the campus for school year 2016-2017." **Defs. Appx.062-63**.

10.     In appointing a conservator, the Commissioner stated the following:

"I have also considered the performance of Houston ISD, and find that while Houston ISD has acceptable district-level ratings, Houston ISD has failed to adequately comply with statutory requirements to develop and implement updated targeted improvement plans in light of [Kashmere's] continued deficiencies and unacceptable accountability ratings. 19 TAC § 97.1059(d).

"I am also appointing a conservator because the nature and duration of the deficiencies require that the TEA directly oversee the district in the areas of deficiency and to prevent substantial or imminent harm to the welfare of the district's students and the public interest. 19 TAC § 97.1073(c)(1), (3)." **Defs. Appx.063**.

11.     Dr. Doris Delaney is an African-American Houston resident and graduate of Kashmere High School who has a doctorate in Educational Leadership and extensive experience as an educator and administrator. **Defs. Appx.063**.

12.     Houston ISD did not appeal or at any time administratively challenge Dr. Delaney's appointment as a conservator. **Defs. Appx.084**.

13.     Since Dr. Delaney's appointment in September 2016, the Commissioner or Deputy Commissioner of Governance A.J. Crabill has notified Houston ISD of the decision to continue the conservator's appointment on the following dates:

October 31, 2016
February 28, 2017

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

May 26, 2017
August 24, 2017
November 1, 2017
June 27, 2018
August 1, 2018
October 22, 2018
February 5, 2019
April 30, 2019
July 30, 2019

14.     On July 13, 2017, the Commissioner stated: "On September 2, 2016, I appointed Dr. Doris Delaney as the conservator for Kashmere High School."

15.     In correspondence dated March 25, 2019, the Commissioner stated that he was "clarifying the specifically enumerated powers and duties of the conservator" to "also include, but [not be] limited to, the following:

- Ensuring and overseeing district-level support to low-performing campuses within the district;
- Ensuring and overseeing implementation of the district's turnaround efforts to support its low-performing campuses (Achieve 180);
- Attending board meetings and overseeing the governance of the district; and
- Submitting monthly reports, including and special reports requested by the Texas Education Agency." **Defs. Appx.086**.

16.     On March 25, 2019, the Conservator directed Houston ISD's board of trustees to suspend its search for a permanent superintendent.

17.     Wheatley High School had unacceptable performance ratings for the 2010–2011, 2012–2013, 2013–2014, 2014–2015, 2015–2016, 2016–2017, and 2018–2019 school years. This constituted seven years of unacceptable academic performance. **Defs. Appx.011-23**.

18.     In 2018, Wheatley High School would have had an unacceptable academic performance rating. **Def. Appx. 089.** However, Wheatley was unrated in the 2017–2018 school

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

year because the Commissioner granted Wheatley a Hurricane Harvey waiver. **Defs. Appx.005, 21.**

19.     In 2018, Kashmere High School would have had an unacceptable academic performance rating; however, Kashmere was unrated in 2018 because the Commissioner granted Kashmere a Hurricane Harvey waiver. **Defs. Appx.059, 89**.

20.     Regarding Wheatley High School, the Commissioner has not ordered a campus turnaround plan under Section 39A.101 of the Texas Education Code.

21.     Since 2008, TEA has appointed or proposed appointment of a board of managers in 14 public school districts, including Houston ISD. Of those 14 districts, Shepherd ISD has a student body that is majority white. The other districts have student bodies that are majority minority (majority non-white).

22.     White students account for only 27.8% of students in Texas public school districts.

23.     Eighty-three percent (83%) of students in attending public school in Texas are educated in school districts where the student population is majority minority (majority non-white).

24.     On November 6, 2019, the Commissioner notified Shepherd Independent School District that he intends to appoint a board of managers pursuant to Tex. Educ. Code §§ 39A.209 and 39A.111. The majority of the student body of Shepherd ISD is white.

25.     On January 3, 2019, Governor Abbott published the following statement on Twitter regarding Houston ISD: "What a joke. HISD leadership is a disaster. Their self-centered ineptitude has failed the children they are supposed to educate.  If there was a school board that needs to be taken over and reformed it's HISD.  Their students & parents deserve change."

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

26.     Zeph Capo, President of the Houston Federation of Teachers, publicly stated:

"The conduct of the HISD's board was nothing short of embarrassing and harmful. It demonstrated a dysfunction that does not serve our community, our school district and our students well."[1]

27.     On October 23, 2018, Houston Mayor, Sylvester Turner, published the following

statement on Twitter:

"I was asked to share my opinion about the [Houston ISD] board of trustees' surprise decision to replace the interim superintendent. I believe it was a disappointing and destabilizing move that will harm the district's school children and reputation."[2]

28.     On January 22, 2019, TEA launched Special Accreditation Investigation (SAI #

INV2019-10-034) "in response to multiple complaints received by the TEA's Special

Investigations Unit" about alleged violations of the following Texas laws:

"1. Tex. Educ. Code  § 11.051. Governance of Independent School District
2. Tex. Educ. Code § 11.1511 Specific Powers and Duties of the Board
3. Tex. Gov't Code Chapter 551 Open Meetings" **Defs. Appx.091**.

29.     Following an informal review pursuant to 19 Tex. Admin. Code § 157.1123 TEA

issued a Final SAI Report which stated that TEA had substantiated the following violations by the

Board:

- Violation of the Texas Open Meetings Act;
- Trustees acted individually on behalf of the board thereby exceeding the scope of their authority in violation of Texas Education Code § 11.051; and
- HISD Board of Trustees violated contract procurement rules while the district was selecting a vendor/contractor as well as attempting to tamper with a contract that had been awarded in violation of Texas Education Code §§44.031 and 44.031(a)(1). **Defs. Appx.199-200**.

---

[1] The Leader, Drama on the Board, available at https://theleadernews.com/drama-on-the-board/ (last accessed Nov. 26, 2019).
[2] @SylvesterTurner (Sylvester Turner), Twitter, Oct. 12, 2018, 1:17 pm, available at https://twitter.com/sylvesterturner?lang=en.

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

30.     On October 8, 2018, five Houston ISD board members met with Dr. Abelardo Saavedra in a public restaurant within approximately a three-hour period.

31.     TEA's investigation found that Trustee Holly Maria Flynn Vilaseca, Elizabeth Santos, Sergio Lira, and Anne Sung were physically present in a meeting[3] with Dr. Saavedra, and that shortly, thereafter, Trustees Flynn Vilaseca and Diana Davila were both physically present in a meeting with Dr. Saavedra on the same date and in the same location. **Defs. Appx.208; Defs. MTD Appx.444.** TEA's investigation did not conclude that that all five Trustees were physically present in this meeting with Dr. Saavedra at the same time.

32.     Houston ISD did not post notice of a Board meeting for October 8, 2019.

33.     TEA's investigation found: "According to Dr. Saavedra, the board members wanted to talk to him that day because they wanted to consider him as a replacement for Dr. Lathan." **Defs.Appx.208.**

34.     Trustee Flynn Vilaseca told TEA investigators that during the meeting with Dr. Saavedra, she provided Dr. Saavedra with a copy of former Superintendent Carranza's contract.

35.     When the Board voted on October 11, 2019 to replace Dr. Lathan with Dr. Saavedra, the Board offered him the same salary and benefits as were present in Dr. Carranza's contract that was provided to Dr. Saavedra by Trustee Flynn Vilaseca.[4]

36.     TEA's investigation did not conclude that Dr. Saavedra ever agreed to be interim superintendent for Houston ISD.

---

[3]     The parties agree that by making this stipulation Houston ISD is not conceding there was a "meeting" under the Texas Open Meetings Act.

[4] Meeting video available at https://houstonisdtx.swagit.com/play/10112018-1133.

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

7

37.     The publicly-posted agenda for the October 11, 2018 meeting included the following agenda item: "Consider employment of interim superintendent and employment contract through September 30, 2019."

38.     When this agenda item was considered in open session, Trustee Davila put forward a motion to relieve Dr. Granita Lathan from her interim superintendent duties effective October 15, 2018 and name Dr. Saavedra as interim superintendent and issue him an employment contract with a specified amount of compensation and benefits.[5]

39.     This motion was discussed in open session and voted on by board members. During the discussion in open session, some Trustees raised their voices. Trustee Adams accused the Board of voting along racial lines. Trustee Skillern-Jones expressed disappointment and disbelief that the motion that was made without prior knowledge, input, or discussion of several Trustees. Trustee Deigaard referred to the Board as "dysfunctional." During the motion and discussion, shouting can be heard from citizens in the gallery.[6]

40.     In open session, Houston ISD's trustees voted on the motion, and the motion passed 5-4. The five Trustees who met with Dr. Saavedra on October 8, 2019 voted to replace Dr. Lathan. The four Trustees who did not meet with Dr. Saavedra on October 8, 2019 voted against replacing Dr. Lathan.[7]

---

[5] Meeting video available at https://houstonisdtx.swagit.com/play/10112018-1133, motion at 1:06:35, vote at 1:25:40.
[6] Meeting video available at https://houstonisdtx.swagit.com/play/10112018-1133, discussion starting around 1:07:00.
[7] Meeting video available at https://houstonisdtx.swagit.com/play/10112018-1133, vote at 1:25:40.

8

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

41.     Ultimately, no interim superintendent contract was executed between Dr. Saavedra and Houston ISD. The week following the vote, the Board unanimously retracted its vote, reinstated Dr. Lathan as superintendent, and issued a public apology for the Board's conduct at the October 11, 2019 meeting.

42.     In a public statement regarding the October 11 meeting, Trustee Diana Davila said:

"We the board of the HISD would like to apologize to our students, the community at-large, the parents, the families and all HISD employees, especially board services and our business and community partners. For our behavior over the last 10 months, and particularly at the board meetings this past Thursday. Our actions have not modeled the behavior we desire to instill in our children that we serve."[8]

43.     Dr. Saavedra was never hired to be the interim superintendent for Houston ISD.

44.     On March 24, 2019, TEA prepared a second amended Notice of Special Accreditation Investigation notifying Houston ISD that the SAI was investigating the additional allegation that "Houston ISD Board of Trustees may have violated the contract procurement process, competitive bidding, awarding, and management of contracts" in violation of Tex. Educ. Code § 44.031. **Defs. Appx.095**.

45.     The Second Amended SAI Notice did not include a request for production of documents or identify individuals who would be interviewed.

46.     TEA investigators did not re-interview any Houston ISD board members subsequent to the Second Amended SAI Notice.

---

[8] *HISD board apologizes for behavior at last week's meeting*, available at
https://www.houstonpress.com/news/hisd-reverses-course-indicates-it-will-reinstate-lathan-10955855.

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

47.     TEA relied largely on statements and information from Houston ISD administration officials to substantiate these allegations in the Second Amended SAI Notice. TEA did not identify these administrators by name. **Defs. Appx.231.**.

48.     After TEA sent Houston ISD its preliminary SAI report, Houston ISD and each Trustee responded to the findings contained in the preliminary SAI report. **Defs. MTD Appx.256-507.**

49.     In 2016, HISD had 38 campuses that received unacceptable academic ratings. Of these, 14 campuses had received unacceptable ratings for three or more years. **Defs. Appx.265-267**.

50.     As of 2016, Kashmere High School had received unacceptable academic ratings since 2009, which was the most consecutive years of unacceptable performance of any campus in the state. **Defs. Appx.030-057; 265.**

51.     Both Kashmere and Wheatley High Schools received an unacceptable academic rating in the 2016-2017 school year. **Defs. Appx.020, 58**.

52.     Neither Kashmere nor Wheatley was rated for the 2017-2018 school year because the Commissioner granted both campuses Hurricane Harvey waivers. **Defs. Appx.021, 59**.

53.     Kashmere High School received an acceptable academic accountability rating in 2019—the campus's first passing rating since 2008. **Defs. Appx.060-61.**

54.     Wheatley received an unacceptable academic accountability rating in 2019—the campus's seventh unacceptable accountability rating. **Defs. Appx.022**.

55.     Under TEA's rules relating to Hurricane Harvey waivers, "For purposes of counting consecutive years of ratings, 2017 and 2019 will be considered consecutive for school

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

districts, open enrollment charter schools, and campuses receiving a *Not Rated* label in 2018 due to hurricane-related issues." **Defs. Appx.089**.

56.     Houston ISD's school board voted to order the superintendent to appeal Wheatley's 2019 accountability rating.

57.     Houston ISD administrator, Carla Stevens, stated with respect to the Wheatley rating appeal: "We have tried really, really hard to find anything we can hang out [sic] hat on at Wheatley, and we cannot find anything that would be an allowable appeal that would be granted."[9]

58.     The Wheatley rating appeal was reviewed (along with all other academic rating appeals in the state) by an independent panel, and the unacceptable rating was finalized on November 5, 2019. **Defs. Appx.023-24**.

59.     In a public meeting, Trustee Wanda Adams stated:

 "Read the conservator's reports, it's about racial lines, and we need to stop it as a board . . . when you say our community, [Trustee] Santos, that means Black, Brown, Hispanic, Asian, it means everybody. Not just one side, so you need to collaborate with all the principals that don't look like you. We need to come together as one team and make sure we are all on one accord, because we are sending a message that should not be… We have to put what's best for kids, and we are not… we are worried about if someone is Black, White, Hispanic, Asian, it shouldn't be that way… it should be about one color and that's our kids."[10]

60.     In a public meeting, Trustee Jolanda Jones stated:

 "We have people that are working here because Latinos on the board have threatened the superintendent that she better not fire them . . . There is a race war on this board. I know from both [Trustee] Sergio [Lira] and [Trustee] Sue [Deigaard] that they are concerned,

---

[9] Houston Chronicle, *HISD board orders appeal of Wheatley's failing grade, bucking administration*, available at https://www.chron.com/news/education/article/HISD-board-orders-appeal-of-Wheatley-s-failing-14417858.php?utm_campaign=CMS%20Sharing % 20Tools%20(Desktop)&utm_source=share-by-email&utm_medium=email#photo-18061181 (last accessed Nov. 26, 2019).

[10] Meeting video available at https://houstonisdtx.swagit.com/play/10112018-1133, at 22:10.

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

and I do not believe my colleagues always vote for what's best for student achievement but to not appear to side with one race over another."[11]

61.    In a public meeting, Trustee Sue Deigaard stated of the Board: "We are bad for kids as a body."[12]

Respectfully submitted,

By:    /s/ David Campbell

David J. Campbell
*dcampbell@808west.com*
State Bar No. 24057033
Kevin O'Hanlon
*kohanlon@808west.com*
State Bar No. 15235500
Benjamin Castillo
*bcastillo@808west.com*
State Bar No. 24077194

**O'HANLON, DEMERATH & CASTILLO**
808 West Avenue | Austin, Texas 78701
Tel: (512) 494-9949 | Fax: (512) 494-9919

**Counsel for Plaintiff Houston ISD**

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

---

[11] Meeting video available at https://houstonisdtx.swagit.com/play/10112018-1133.
[12] Meeting video available at https://houstonisdtx.swagit.com/play/10112018-1133, comments starting at 1:16:00.

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

12

DARREN L. MCCARTY
Deputy Attorney General for Defense
Litigation

THOMAS A. ALBRIGHT
Division Chief - General Litigation

*/s/ Emily Ardolino*
EMILY ARDOLINO
Attorney-in-Charge
State Bar No. 24087112
ESTEBAN S.M. SOTO
State Bar No. 24052274
Deputy Division Chief
State Bar No. 24052284
GENERAL LITIGATION DIVISION
emily.ardolino@oag.texas.gov
esteban.soto@oag.texas.gov

KARA HOLSINGER
State Bar No. 24065444
ADMINISTRATIVE LAW DIVISION
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
kara.holsinger@oag.texas.gov

*ATTORNEYS FOR DEFENDANTS*

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations

## CERTIFICATE OF SERVICE

I certify that on December 4, 2019, the foregoing document was filed via the Court's CM/ECF system, causing electronic service upon all counsel of record.


/s/ David Campbell

David Campbell

Civil Case No: 1:19-CV-00684-LY
*Houston ISD v. Texas Education Agency, et al.*
Stipulations