IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HOUSTON INDEPENDENT SCHOOL §
DISTRICT, §
    PLAINTIFF, §
§
HOUSTON FEDERATION OF §
TEACHERS, JACKIE ANDERSON, §
MAXIE HOLLINGSWORTH, AND §
DANIEL SANTOS, §
    PLAINTIFF-INTERVENORS, § CAUSE NO. 1:19-CV-684-LY
§
V. §
§
THE TEXAS EDUCATION AGENCY; MIKE §
MORATH, COMMISSIONER OF §
EDUCATION, IN HIS OFFICIAL CAPACITY; §
AND DORIS DELANEY, IN HER OFFICIAL §
CAPACITY, §
    DEFENDANTS. §

**MEMORANDUM OPINION AND ORDER ON**
**APPLICATION FOR PRELIMINARY INJUNCTION AND**
**MOTION TO DISMISS**

Before the court is the above-styled action that was removed from the 459th Judicial District Court of Travis County, Texas, on July 3, 2019 (Dkt. No. 1). Plaintiff Houston Independent School District ("Houston ISD") alleges that Defendants the Texas Education Agency, Commissioner of Education Mike Morath, and Conservator Doris Delaney[1] violated federal and state law during the Agency's Special Accreditation Investigation #INV2019-10-034 of Houston ISD (the "Investigation") and will further violate such laws by replacing Houston ISD's elected Board of Trustees (the "Board") with a board of managers appointed by the Texas Education Agency.

---

[1] Because the interests of Defendants do not diverge, all Defendants will be referred to collectively as the "Commissioner," unless the context requires otherwise.

By its Second Amended Complaint (Dkt. No. 29), Houston ISD asserts eight federal claims: (1) First Amendment retaliation, (2) unlawful restriction of speech, (3) alleged overbreadth of the Texas Open Meetings Act as applied, (4) unconstitutional vagueness of the Texas Open Meetings Act, (5) Procedural Due Process violations, (6) violation of the Voting Rights Act, (7) violation of Title VI of the Civil Rights Act of 1964, and (8) violation of the Equal Protection Clause. In addition, Houston ISD seeks two state-law-based declaratory judgments regarding the Texas Open Meetings Act and *ultra vires* acts by the Commissioner.

Houston ISD seeks preliminary injunctive relief to prevent the Commissioner from interfering in the selection of a new or interim superintendent, replacing the Board with a board of managers appointed by the Texas Education Agency, and sanctioning Houston ISD as a result of the Investigation.

The following facts are compiled from facts in the record, undisputed in material part, and the parties' stipulated facts (Dkt. No. 45).

## Background

The Texas Education Agency (the "Agency") oversees primary and secondary public education in Texas. The Agency is responsible for supervising public school districts to ensure they responsibly steward public funds, comply with state and federal laws, and successfully educate Texas children.[2] To this end, the Texas Legislature grants the Commissioner of Education authority to investigate school districts' suspected legal violations through Special Accreditation Investigations, issue and modify accountability ratings, and—in certain circumstances—temporarily suspend a district's board of trustees.[3]

---

[2] Tex. Educ. Code Ann. § 7.021 (West Supp. 2018); *see also id.* at § 39.001 (West 2018).

[3] *See id.* at §§ 39.057–058 (West 2018).

The Texas Legislature also grants the Commissioner of Education authority to appoint a conservator who may oversee the operations of a school district.[4] On September 2, 2016, Commissioner Morath notified Houston ISD that he was appointing Dr. Doris Delaney as a conservator to "ensure and oversee district-level support for Kashmere High School [ ] and implementation of the targeted improvement plan" and defined her role as conservator as follows: "In providing district-level support and implementing the targeted improvement plan, Dr. Delaney's role as conservator will include, but is not limited to, the following: 1) Ensuring that a comprehensive needs assessment of the campus is performed; 2) Ensuring that an evaluation of the efficacy of the district's resource allocation to the campus for school years 2015-2016 and 2016-2017 is performed; and 3) Overseeing instructional delivery at the campus for school year 2016-2017."

On January 22, 2019, the Agency initiated the Investigation in response to multiple complaints and requests to its investigative unit to investigate the Board's alleged violations of the Texas Open Meetings Act and provisions of the Texas Education Code that govern independent school districts and the specific powers and duties of a district's board.[5]

In correspondence dated March 25, 2019, Commissioner Morath stated that he was "clarifying the specifically enumerated powers and duties of the conservator" to "also include, but [not be] limited to, the following: 1) Ensuring and overseeing district-level support to low-performing campuses within the district; 2) Ensuring and overseeing implementation of the district's turnaround efforts to support its low-performing campuses (Achieve 180); 3) Attending

---

[4] *Id.* at § 39A.002(7).

[5] Tex. Gov't Code §§ 551.001–146 (Texas Open Meetings Act) (West 2017); Tex. Educ. Code Ann. §§ 11.051 (Governance of Independent School District) (West 2012); 11.5111 (Specific Powers and Duties of the Board) (West 2012).

3

board meetings and overseeing the governance of the district; and 4) Submitting monthly reports, including and special reports requested by the Texas Education Agency." On the same day, Delaney issued a directive to the Board to immediately suspend the search for a superintendent until the Agency completed the Investigation and the Board received written authorization from Delaney to resume search activities.

On April 24, 2019, the Agency notified Houston ISD that the Investigation would include an additional allegation that the Board "may have violated the contract procurement process, competitive bidding, awarding, and management of contracts."[6]

On June 27, 2019, Houston ISD filed this action in 459th Judicial District Court of Travis County, Texas. The Commissioner removed the action to this court on July 3, 2019.

On August 5, 2019, the Agency issued a preliminary report, recommending that the accreditation status of Houston ISD be lowered, a conservator be appointed, and a board of managers be installed. On August 26, 2019, Houston ISD filed a response to the findings and recommendations of the preliminary report and requested an informal administrative review by the Agency.

Houston ISD filed an Application for Preliminary Injunction (the "Application") in this court on October 29, 2019 (Dkt. No. 19), seeking prospective relief from the recommendations outlined in the preliminary report. The Commissioner responded to the Application on December 2, 2019 (Dkt. No. 41). Houston ISD replied on December 4, 2019 (Dkt. No. 44).

In the interim, following informal administrative review, the Agency issued a Final Special Accreditation Investigation Report (the "Report") on October 30, 2019. The Report concludes that the Agency substantiated that Houston ISD trustees (1) violated the Texas Open

---

[6] Tex. Educ. Code Ann. § 44.031 (West Supp. 2018).

4

Meetings Act, (2) acted individually on behalf of the Board thereby exceeding the scope of the trustees' authority, and (3) violated contract-procurement rules while the district was selecting a vendor and attempted to tamper with an awarded contract.[7] The Report replaces the preliminary report. The court, without objection of the parties, considers Houston ISD's allegations as attacks on the Report.

On November 6, 2019, Commissioner Morath notified Houston ISD that, based on the Report, he would lower Houston ISD's 2018–19 accreditation status to "Accredited-Warned," temporarily suspend the Board, install a board of managers to exercise the powers and duties of the Board,[8] and appoint a superintendent. In early November the Commissioner informed the court that a final decision on the recommendations in the Report would occur on or after December 20, 2019. Considering the short time line, the court set a hearing on the Application for December 5, 2019.

On November 19, 2019, the Commissioner moved to dismiss Houston ISD's action in its entirety (Dkt. No. 35), to which Houston ISD responded on December 2, 2019.

Also on November 19, the Houston Federation of Teachers and Jackie Anderson, Maxie Hollingsworth, and Daniel Santos (three Houston ISD voters) (collectively, the "Federation") moved to intervene in the case to assert claims under the Equal Protection Clause,[9] the Fifteenth

---

[7] Tex. Gov't Code §§ 551.001–146 (West 2017) (Texas Open Meetings Act); Tex. Educ. Code Ann. §§ 11.051 (Governance of Independent School District) (West 2012); 44.031-31(a)(1) (Contract Procurement Rules) (West Supp. 2018).

[8] Tex. Educ. Code Ann. § 39A.201 (West 2018).

[9] 42 U.S.C. § 2000d (2012); U.S. CONST. amend. XIV.

5

Amendment of the United States Constitution,[10] Section 2 of the Voting Rights Act of 1965,[11] and the Texas Equal Rights Amendment[12] (Dkt. No. 33). The Federation does not seek injunctive relief. The court, over the objection of the Commissioner, granted the motion in order to have the benefit of the Federation's perspective and argument.

All parties appeared in person, by authorized representative, or through counsel at the December 5 hearing.

The motion to dismiss was not fully briefed at the time of the hearing, and the court proceeded to hear evidence and argument on the Application. The motion to dismiss became ripe for decision when the Commissioner filed a reply in support of the motion on December 9, 2019 (Dkt. No. 50). The court determines that the motion to dismiss implicates issues raised in the Commissioner's response to the Application. Because the issues were well argued at the hearing on the Application, the court will consider the motion to dismiss without additional argument.

The court has considered the Application and motion to dismiss as well as the responses and replies to each, the stipulated facts, testimony at the hearing, admitted evidence, argument of counsel, and applicable law and renders the following.

**Analysis**

A preliminary injunction is an "extraordinary remedy." *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536 (5th Cir. 2013). To obtain a preliminary injunction, the movant must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial

---

[10] U.S. CONST. amend. XV.

[11] 52 U.S.C. §10304(b) (2015).

[12] TEX. CONST. ART. I § 3a.

6

threat of irreparable harm if the injunction does not issue; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction is in the public interest. *Moore v. Brown*, 868 F.3d 398, 402–03 (5th Cir. 2017). Unless the party seeking a preliminary injunction has "clearly carried the burden of persuasion on all four requirements," a preliminary injunction should not be granted. *Bluefield Water Ass'n Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009).

Although the motion to dismiss was not argued at the hearing, the Commissioner's arguments on standing in response to the Application and in the motion to dismiss are the same and the issues raised are inextricably intertwined. Therefore, the court will consider the motion in its analysis of the Application.

A claim is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction when a court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on such a motion, a court is free to weigh the evidence and satisfy itself as to its power over the case. *MD Physicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992). A court may rely upon: (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint supplemented by undisputed facts in addition to the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

Here the motion to dismiss dooms the Application because Houston ISD lacks standing to bring its federal claims and cannot succeed on the merits. The court begins its analysis of the Application by determining Houston's ISD likelihood of success on the merits.

*Substantial Likelihood of Success on the Merits*

Houston ISD protests that the Investigation was conducted with a predetermined outcome in mind and is based on fundamental errors of law, mistaken interpretations of the evidence, and unsubstantiated allegations of fact. Specifically, Houston ISD asserts that both the Investigation and any replacement of the Board with an Agency-appointed board of managers is unlawful.

The Commissioner responds that Houston ISD cannot succeed on the merits of its claims due to lack of standing. The standing inquiry "involves 'both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" *Kowalski v. Tesmer*, 543 U.S. 125, 128–29 (2004). As a constitutional minimum, standing requires (1) an injury in fact; (2) a causal connection between the injury and the conduct of which the plaintiff complains; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

For the reasons below, the court concludes that Houston ISD lacks standing to bring any of the federal causes alleged in the Application. For the purposes of the court's analysis, the court will address Houston ISD's federal claims in three parts: (1) the First Amendment claims related to the Texas Open Meetings Act, (2) the Due Process Clause claim, and (3) voting-rights, civil-rights, and Equal Protection Clause claims arising out of the potential installment of a board of managers.

*The First Amendment*

Houston ISD asserts that the Investigation violated the First Amendment by attempting to punish the Board for engaging in protected speech. The Report concludes that the Board violated the Texas Open Meeting Act. Houston ISD argues that the Report's conclusion is clearly erroneous based on binding Texas Court of Criminal Appeals and Fifth Circuit precedent finding the "walking quorum" provision of the Texas Open Meetings Act to be

8

unconstitutionally vague and overbroad. *State v. Doyal*, No. PD-0254-18, 2019 Tex. Crim. App. LEXIS 161, at *2 (Tex. Crim. App. Feb. 27, 2019); *Hispanic Educ. Comm. v. Houston ISD*, No. 95-20029, 1995 U.S. App. LEXIS 42227, *4 (5th Cir. 1995) (unpublished).

The Commissioner responds that even without a finding that Houston ISD violated the Texas Open Meetings Act, the Commissioner would still be able to take agency action based on other independent grounds.

For a litigant to be "entitled to have a federal court resolve his grievance," the litigant must have standing. *Tesmer*, 543 U.S. at 128–29. The standing inquiry "in no way depends on the merits of the . . . contention that particular conduct is illegal." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). Redressability requires that it be likely, as opposed to merely speculative, that the plaintiff's injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61; *Moore v. Bryant*, 853 F.3d 245, 248–49 (5th Cir. 2017). Assuming *arguendo* that Houston ISD's First Amendment claims regarding the Texas Open Meetings Act are correct, the court concludes that the claims are not redressable because the Report does not rely solely on Texas Open Meetings Act violations to justify the Commissioner's proposed actions.

*Due Process*

Houston ISD asserts that the Commissioner has violated its right to due process by denying it an effective opportunity to contest the Report. According to Houston ISD, the Report should be disregarded because the Agency did not interview all relevant witnesses and it relied on statements from unnamed administrators and legal opinions of nonlawyers.

The Commissioner responds that Houston ISD—as a state-created political subdivision—cannot assert a due-process claim against the state. *City of Trenton v. N.J.*, 262 U.S. 182, 188 (1923); *see also City of Alpine v. Abbott*, 730 F.Supp.2d 630, 632–33 (W.D. Tex.

2010) (noting state-created political subdivisions are not protected by Due Process Clause). The Commissioner also responds that even if Houston ISD has standing to bring a due-process claim, it is not ripe because the administrative process has not been exhausted—there is still an opportunity to seek formal review once a final decision is made on or after December 20, 2019.[13]

While *City of Trenton* does not create an absolute bar to suit against a State, it does apply to bar the Due Process claim raised by Houston ISD. *See, e.g., Rogers v. Brockette*, 588 F.2d 1057, 1068-70 (5th Cir. 1979) ("[T]he Constitution does not interfere with a state's internal political organization."). The court concludes that because political subdivisions of a state are not protected by the Due Process Clause, Houston ISD is barred from bringing this claim. *City of Alpine*, 730 F.Supp.2d at 632–33.

*The Voting Rights Act, the Civil Rights Act, and the Equal Protection Clause*

Houston ISD asserts that the Agency's almost-exclusive intervention in majority-minority school districts has disparately impacted school districts whose voters are predominantly people of color as compared with those that are not. Houston ISD argues that by replacing the Board with a board of managers, whether intentionally or not, the Commissioner would use the Agency's power in an arbitrary and discriminatory manner that would violate the Voting Rights Act, the Civil Rights Act, and the Equal Protection Clause.[14]

Plaintiffs bear the burden of establishing they have standing to bring the claims they assert. *Renne v. Geary*, 501 U.S. 312, 316 (1991). Only the United States Attorney General and "aggrieved persons" have first-party standing to bring Voting Rights Act claims.[15] "Aggrieved

---

[13] 19 Tex. Admin. Code §§ 157.1131–33 (2019) (Tex. Educ. Agency, Formal Review).

[14] 52 U.S.C. § 10301; 42 U.S.C. § 2000d; U.S. CONST. amend. XIV.

[15] 52 U.S.C. § 10301(a).

persons" are the voters whose rights have allegedly been denied or impaired. *See, e.g., Veasy v. Perry*, 29 F.Supp.3d 896, 908–09 (S.D. Tex. 2014).

In *Veasy v. Perry*, the court similarly dismissed Voting Rights Act claims brought by two counties. *Id.* The court held that not only did the local government entities lack first-party standing, they also lacked third-party standing to bring the claims on behalf of voters within the county. *Id.* Because Houston ISD is not a voter, an organization with members, nor is its purpose to advance voting rights, it lacks standing for a Voting Rights Act claim.

The prudential rules of standing are "judicially self-imposed limits on the exercise of federal jurisdiction" and further limit the role of the courts in resolving public disputes by prohibiting a litigant from "raising another person's legal rights," "barring adjudication of generalized grievances more appropriately addressed in the representative branches," and "requir[ing] that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Warth*, 422 U.S. at 500; *Allen v. Wright*, 468 U.S. 737, 751 (1984) (abrogated on other grounds) ("A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."). "Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation." *Dutmer v. City of San Antonio, Tex.*, 937 F. Supp. 587, 591 (W.D. Tex. 1996) (quoting *Singleton v. Wulff*, 428 U.S. 106, 113–14 (1976)). As the Supreme Court has put it:

> The reasons are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not. Second, third parties themselves usually will be the best proponents of their own rights.

*Singleton*, 428 U.S. at 113–14.

Houston ISD's Civil Rights Act and Equal Protection Clause claims fail for the same reason: inability to assert claims on behalf of residents within Houston ISD. Without deciding the claims' merits, the court concludes that Houston ISD lacks standing because the injury is not personal to itself.

For each of the federal claims discussed above, the court concludes that Houston ISD lacks standing because it cannot satisfy the *Lujan* constitutional minimum. 504 U.S. at 560–61. Noting this, the court further concludes that there is not a substantial likelihood of success on the merits for any of Houston ISD's federal claims. Because Houston ISD has not "clearly carried the burden of persuasion on all four requirements," the court does not reach the other three preliminary-injunction requirements. *Bluefield Water Ass'n Inc.*, 577 F.3d at 252–53. As all that remains in the Application are Houston ISD's state-law claims seeking declaratory relief regarding the Texas Open Meetings Act and *ultra vires* acts, the court will deny the Application.

*Subject-Matter Jurisdiction*

In the broader context, because the court concludes that Houston ISD lacks standing as to each of its federal claims, the court further concludes that the court lacks subject-matter jurisdiction and should dismiss those claims. The court will therefore grant the Commissioner's motion to dismiss as to Houston ISD's federal claims. As only state-law claims seeking declaratory relief regarding the Texas Open Meetings Act and *ultra vires* acts remain, the court will remand those claims to state court.

## Conclusion

In summation, the court will grant the Commissioner's motion to dismiss Houston ISD's federal claims and decline to exercise jurisdiction of Houston ISD's state claims. The court takes the additional step of denying Houston ISD's application for preliminary injunction to

indicate that the court would have denied the Application had the court not proceeded to rule on the motion to dismiss at this time.

In accordance with the foregoing,

**IT IS ORDERED** that Houston ISD's Application for Preliminary Injunction filed October 29, 2019 (Dkt. No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion to Dismiss filed November 19, 2019 (Dkt. No. 35) is **GRANTED** to the extent that Houston ISD's federal claims are **DISMISSED WITH PREJUDICE.** In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Houston ISD's state-law claims seeking declaratory judgments regarding the Texas Open Meetings Act and *ultra vires* acts will be **REMANDED** to the 459th Judicial District Court of Travis County, Texas.

After further review of the Federation's pleadings and having heard the evidence presented by the Federation and its argument at the hearing, the court finds that the interests of the Federation and Houston ISD diverge significantly. To have the claims of both considered in one action will confuse and blur the claims of each and the defenses that may be brought by the Commissioner. The Federation must pursue its claims by a separate action. The court concludes that intervention was improvidently granted and **WITHDRAWS** its order granting the Federation's motion to intervene (Dkt. No. 43). **IT IS ORDERED** that Plaintiff-Intervenors Motion to Intervene (Dkt. No. 33) is **DENIED**.

SIGNED this 18th day of December, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE